IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | § | |
| COMMISSION, | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| v. | § | |
| | § | ORIGINAL COMPLAINT |
| SPIKE ELECTRIC AND CONTROLS, LLC, | § | |
| | § | JURY TRIAL DEMAND |
| Defendant. | § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990

("ADA"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful

employment practices on the bases of disability, retaliation and interference and to

provide appropriate relief to Michael Bowles ("Charging Party"). As alleged with

greater particularity below, the Defendant cut Bowles pay by $30,000.00 just days

after Bowles informed Defendant of a cancer diagnosis and terminated Bowles one

day before his scheduled cancer surgery because of his disability. Defendant also

interfered with Bowles' attempts to secure subsequent employment because he filed

a charge of discrimination with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C.

§ 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

1

the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    Defendant Spike Electric and Controls, LLC is a Texas limited liability company.  At all relevant times, Defendant has been doing business within the jurisdiction of the United States District Court for the Southern District of Texas and has continuously had at least 15 employees.  Defendant may be served by serving its registered agent for service of process, Allen C. "Cole" Attaway, 5914 East Sam Houston Parkway South, Houston, Texas 77034.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than 30 days prior to the institution of this lawsuit, on or about May 15, 2018, Charging Party filed a charge with the Commission alleging violations of the ADA.

8.     More than 30 days prior to the institution of this lawsuit, on or about January 5, 2019, Charging Party filed a charge with the Commission alleging retaliation by Defendant in response to his original charge filed on or about May 15, 2018.

9.     On May 20, 2020, the Commission issued to Defendant a Letter of Determination finding cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On August 31, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

14.    Since at least March 26, 2018, and continuing thereafter, Defendant engaged in unlawful employment practices at its facility located in Houston, Texas, in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b), by discriminating against Charging Party Michael Bowles on the basis of disability, and in violation of 42 U.S.C. § 12203(a) and (b), by retaliating against Charging Party.

15.    Michael Bowles is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, as amended.  42 U.S.C. §§ 12102 and 12111(8).  Michael Bowles' impairment, liposarcoma, substantially limited major life activities and major bodily functions—including, but not limited to, normal cell growth.

16.    In April 2017, Charging Party began working for Defendant as an outside sales representative.  Throughout his employment, Charging Party worked as an outside sales representative, selling Defendant's products in Texas and Louisiana.

17.    Charging Party was qualified for the position he held while employed by Defendant.

18.    In February 2018, Dewayane Mittelsted, Defendant's Vice-President of Sales, sent a message stating, *inter alia*, "business is booming and we are doing our best to keep up."  Similarly, in March 2018, Mittelsted emailed Defendant's sales team praising Charging Party for making "progress in San Antonio" and noting "plans to take us further south and north into Nacogdoches and Shreveport."

4

19.    In late March 2018, Charging Party was diagnosed with liposarcoma cancer in the posterior of the femoris region of his thigh.  Charging Party informed Defendant's management team and owners of his cancer diagnosis on or about March 26, 2018.

20.    Two days later, on March 28, 2018, Dewayne Mittelsted, Defendant's Vice-President of Sales, issued a one-paragraph memorandum to Charging Party informing him his base pay was being lowered from $80,000.00 to $50,000.00 annually and that his commissions would be paid out at a rate of 1 ½ percent of revenue on his assigned accounts.

21.    Charging Party was scheduled to have surgery to have his tumor removed on May 4, 2018 at M.D. Anderson.

22.    On May 3, 2018, one day before his surgery, Charging Party was told to meet one of the Defendant's owners at a Starbucks.  There, he was informed that he was being discharged from his job and that his services were "no longer needed."

23.    Subsequent to his discharge, Charging Party made efforts in October and November 2018 to obtain employment with a third-party electric company. These initial efforts were initially unsuccessful.  Finally, in December 2018, The company offered Charging Party a contract position.

24.    During the course of the Commission's investigation, Defendant admitted receiving a request for a reference for Charging Party from the third-party electric company and that Chase Attway, one of Defendant's co-owners, instead told

the company "that Mr. Bowles made a charge against it at the EEOC that Spike felt was not justified.  Apparently that caused [the company] not to hire Mr. Bowles."

25.     Additionally, during a telephone call with Charging Party, Attaway admitted to him that Defendant "had been blocking him for months" from obtaining employment with the third-party employer.

26.     Defendant discriminated against Charging Party in violation of Section 12112(a) and (b) and Section 12203(a) and (b) of the ADA, as amended, when the company adverse employment actions against him because of his disability, including reducing his pay, terminating his employment, interfering with his efforts to obtain subsequent employment and otherwise retaliating against him because he engaged in protected activity, to wit, filing a charge of discrimination against Defendant with the EEOC.

27.     The alleged legitimate reasons for the adverse actions taken against Charging Party are a pretext for unlawful discrimination, interference, and retaliation.

28.     The effect of the practices identified above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee on the basis of disability, and constitute retaliation and interference in violation of the ADA, as amended.

29.     The unlawful employment practices identified above were intentional.

30.     The unlawful employment practices identified above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

PRAYER FOR RELIEF

32.     Wherefore, the Commission respectfully requests that the Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from: discriminating against employees because of disability, maintaining a bias against disabled persons based on myths, fears, and stereotypes; interfering with the rights of persons secured by the ADA; taking adverse employment action against persons because of the need to make future accommodations under the ADA; and retaliating against persons because they engage in protected activity; and interfering with the exercise or enjoyment of rights under the ADA.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Charging Party Michael Bowles, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of

its unlawful employment practices, including but not limited to reinstatement of Charging Party or, in lieu thereof, front pay.

D.     Order Defendant to provide compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Sharon Fast Gustafson
General Counsel

Robert A. Canino
Acting Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Rudy L. Sustaita

8

Regional Attorney

Kathy D. Boutchee
Supervisory Trial Attorney

<u>/s/ Lloyd S. van Oostenrijk</u>
Lloyd S. van Oostenrijk
Trial Attorney
Attorney-in-Charge
Texas Bar No. 24056467
S.D. Tex. No. 695844
Equal Employment Opportunity Commission
1919 Smith Street, Suite 600
Houston, Texas 77002
(713) 651-4906
(713) 651-7995 [facsimile]
lloyd.vanoostenrijk@eeoc.gov