Case 4:20-cv-03370   Document 35   Filed on 09/29/21 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO.: 4:20-CV-03370 |
| v. | § § | |
| SPIKE ELECTRIC AND CONTROLS, LLC, | § § | ORDER AND CONSENT DECREE |
| Defendant. | § § § | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") filed the instant lawsuit alleging Defendant Spike Electric and Controls ("Defendant" or "Spike Electric") violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA") by discriminating against Michael Bowles ("Mr. Bowles") because of his disability within the meaning of the ADA and engaging in retaliation and interference in violation of the ADA;

The Commission and Defendant ("the parties") wish to avoid the risks, uncertainties, delays and expenses of continued litigation, and thus have agreed to settle this lawsuit for the relief specified in this Consent Decree (sometimes referred to as "Decree"); and

The parties stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites relative to this settlement.

Therefore, **IT IS ORDERED** that:

1.  This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 20-03370 and in EEOC Charge No. 460-2018- 03884 filed by Michael Bowles. The EEOC will not use EEOC Charge No. 460-2018-

1

03884 or the EEOC's findings in that Charge as the basis for filing any other claim or lawsuit against Defendant, except as permitted in Section VII below.

2. Neither the negotiation nor the execution, nor the entry of this Consent Decree shall constitute an admission of any kind by Defendant that it violated the ADA.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

## I. INJUNCTIVE RELIEF

4. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it, are enjoined from:

   i. Discriminating against an employee because of an actual or perceived disability, including by adversely changing the employee's compensation or discharging the employee in violation of the ADA.

   ii. Refusing to make a reasonable accommodation for an employee with a disability, in violation of the ADA.

   iii. Discriminating against an employee because of an employee's need or request for a reasonable accommodation for a disability, in violation of the ADA.

   iv. Retaliating against an employee who: (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assist with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC, in violation of the ADA.

   v. Interfering with an employee's or former employee's efforts to obtain subsequent employment because the individual: (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assist with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC, in violation of the ADA.

## II. MONETARY RELIEF

5. Provided that Defendant has received an address for Mr. Bowles and a fully completed and executed W-2 and W-9 for Mr. Bowles, within thirty (30) calendar days of entry of this Consent Decree, Defendant shall pay Mr. Bowles the sum of eighty five thousand dollars ($85,000) ("Settlement Payment"), in the manner provided by this Decree, and in full and final settlement of the lawsuit. Defendant shall send the Settlement Payment directly to Mr. Bowles in the form of two business checks, money orders, cashier's checks or other bank- guaranteed notes. Defendant shall deliver the Settlement Payment directly to Mr. Bowles at an address provided by the EEOC by overnight carrier through the U.S. Postal Service, Federal Express, or comparable service provider, at Defendant's cost or expense. The EEOC shall provide defense counsel with Michael Bowles' mailing address no later than five (5) days from the entry of this Decree. The parties agree that forty-two thousand five hundred dollars ($42,500.00) of the Settlement Payment shall constitute settlement of a claim for wages. The remaining forty-two thousand five hundred dollars ($42,500.00) shall, for tax purposes, be classified as settlement of a claim for non-wage damages available under 42 U.S.C. § 1981(a) ("Section 1981a damages").

6. Defendant shall withhold taxes from and issue a U.S Internal Revenue Service (IRS) Form W2 for the forty-two thousand five hundred dollars ($42,500.00) of the Settlement Payment that compromises settlement of a claim for wages. Defendant shall not withhold taxes from and shall issue an IRS Form 1099 for the forty-two thousand five hundred dollars ($42,500.00) of the Settlement Payment that comprises settlement of a claim for Section 1981a damages. The aforementioned IRS forms shall be mailed to Mr. Bowles by January 31, 2022, at the address provided to Defendant's counsel by the EEOC for delivery of the Settlement Payment.

7. Within five business days of the delivery of the Settlement Payment to Mr. Bowles, a copy of each Settlement Check shall be provided to the EEOC, in accordance with Section VIII of this Decree, certifying that full Settlement Payment has been made.

8. Mr. Bowles will execute a Release of Claims, in which he will, in consideration for receipt of the Settlement Payment, agree to waive his right to recover for any claims of disability discrimination, retaliation and interference under the ADA which accrued prior to the date of the release and that were included in the claims alleged in the Lawsuit. The Release of Claim form is appended to this Decree as Exhibit "A" and is incorporated herein.

### III. NON-MONETARY RELIEF

9. Upon third-party inquiry about Mr. Bowles' employment, Defendant will disclose only Mr. Bowles's dates of employment, his position, and that it is Defendant's policy to provide only this information.

10. Defendant shall exclude from Mr. Bowles' personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, relating to the reasons for his termination, his Charge of Discrimination, this Decree and the lawsuit underlying this Decree.

**A.   ADA TRAINING**

11. Within six months of the entry of this Decree, Defendant shall conduct the first of two annual ADA training sessions to all of Defendant's owners, supervisors, managers and human resources personnel. Each subsequent training session shall take place no later than twelve (12) months after the date of the previous session.

12. Each training session shall cover at minimum: the provisions of the ADA, Defendant's obligations under the ADA, and all non-monetary obligations imposed on Defendant

by this Consent Decree, although the existence and terms of this Consent Decree do not need to be disclosed. The training sessions shall be interactive, including but not limited to, guided question and answer discussions with the training participants to illustrate the topics discussed. Written materials that discuss the topics covered in the training shall be provided to the attendees for their subsequent review and reference. At the conclusion of each training session, each attendee must sign an "Acknowledgement of Training" form.

13. Each training session shall last at least 90 minutes and be conducted live (or if necessary due to Covid-19-related requirements, through a live, virtual platform) by an employment lawyer with at least five years' experience handling employment discrimination matters. At least sixty (60) calendar day before the start of each training session, Defendant shall provide the EEOC in accordance with Section VIII of this Decree, the following information:

    a. The name, address, telephone number, email address and resume of the proposed training provider;

    b. The proposed training curriculum that outlines the information to be addressed in the training; and

    c. The proposed training agenda and materials to be distributed in the training.

14. The EEOC shall have fifteen (15) calendar days from the date it receives the information discussed in paragraph 13 to accept or reject the proposed trainer, curriculum, agenda or written materials, and shall identify any proposed edits to the curriculum, agenda, or training and grounds for rejecting the proposed trainer. If the Commission does not approve Defendant's designated trainer, curriculum or materials, Defendant shall have ten (10) calendar days to identify an alternate trainer and provide a new curriculum and/or materials. The Commission shall then have another fifteen (15) calendar days from the date of receipt to accept or reject the alternate trainer, curriculum, and materials, and provide any proposed edits and/or grounds for rejecting the proposed trainer. The parties shall work in good faith to resolve any remaining differences.

**B.     TRAINING COMPLIANCE REPORT**

15.     Within thirty (30) calendar days from the date of each training session, Defendant shall email the EEOC a training compliance report in accordance with Section VIII of this Decree. Each training compliance report must contain:

      i.     The date and time the training took place;

      ii.    The identity of the trainer;

      iii.   The duration of the training; and

      iv.    The "Acknowledgement of Training" form signed by all attendees.

**C.     ADA COMPLIANCE REPORT**

16.     Within twelve (12) months from the date of the entry of this Consent Decree and, again within twelve months of the earlier report but in no event later than sixty (60) days prior to the expiration of this Decree, Defendant shall report to the EEOC all Charges filed against Defendant with the EEOC or the Texas Commission on Human Rights, alleging disability discrimination or failure to accommodate a disability. Each report shall be emailed to the EEOC in accordance with Section VIII of this Decree and shall contain a copy of the Charge. If the Defendant receives such charges after the final report but prior to the expiration of the Decree, the Defendant shall notify the Commission via email, as described in Paragraph 34, within seven (7) days of the date it receives notice of the charge.

**D.     ANTI-DISCRIMINATION POLICIES**

    **a.     Implementation of an ADA Policy**

17.     Within four months of the entry of this Decree, Defendant shall implement an ADA policy and distribute a copy of the new policy to all employees. The policies and procedures must set forth the requirements and prohibitions of the ADA and shall include language that at a minimum:

    i.    Prohibits any act, policy or practice that has the effect of discriminating against an employee on the basis of disability in violation of the ADA.

    ii.    Provide a process for reporting and/or complaining about discrimination or retaliation prohibited by the ADA that allows the complaining employee to bypass the alleged discriminator.

    iii.    Provide a process for requesting reasonable accommodations that complies with the ADA. Such process shall designate a company official to whom employees can bring such reports/complaints.

    iv.    Ensures the confidentiality of any complaint or complaining employee to the extent practicable considering Defendant's needs to investigate, and also ensure that all actions taken by Defendant in response to any complaint will be documented and maintained by Defendant.

    v.    Ensures that Defendant will promptly investigate any alleged complaint of disability discrimination or retaliation under the ADA, and that promptly upon the conclusion of its investigation, Defendant will communicate to the complaining employee the results of the investigation and the remedial actions taken or proposed, if any, to the extent practicable while also protecting the confidentiality of other employees.

    vi.    Provides that anyone who engages in retaliation prohibited by the ADA will be disciplined up to and including termination.

18. Within two months of the entry of this Decree, Defendant shall email the EEOC in accordance with Section VIII of this Decree, Defendant's ADA policy. Within fifteen (15) calendar days from the EEOC's receipt of the proposed ADA policy, the Commission shall provide Defendant any comments or edits it may have. In turn, within ten (10) calendar days of receipt of the comments, Defendant shall implement the Commission's suggested edits or propose to the EEOC alternative language. The EEOC shall again have fifteen (15) calendar days from receipt of any proposed alternative language to further comment and revise. If the EEOC does not respond within any allotted review time or has no further comments, Defendant shall implement the ADA policy by including it in Defendant's Employee Handbook and electronically disseminating a copy of the ADA policy to all employees. The parties shall work in good faith to resolve any remaining differences.

### E. ADA POLICY REPORTS

19. Within two (2) business days of when Defendant implements the ADA policy set forth in Section III. D above, Defendant shall provide the EEOC a compliance report as required under Section VIII of the Decree that includes the following:

   i. The date and manner Defendant implemented the ADA policy and distributed the ADA policy to all employees, and a copy of the final ADA policy.

   ii. The date and manner by which owners, managers, supervisors and human resources were notified of the ADA policy and received a written copy of the said policy.

### F. POSTING OF NOTICE TO EMPLOYEES

20. Within fifteen (15) calendar days of entry of this Decree, Defendant shall email to all employees, and post on physical bulletin board accessible to all employees, the Notice to Employees, attached as Exhibit "B" to this Decree.

21. Said Notice to Employees shall remain posted for the duration of the Decree.

22. Defendant shall ensure that the Notice is not altered, defaced, obstructed or moved from its posted location. The posted physical copy of the Notice shall be laminated and on paper that is no smaller than 8.5 x 11.

   a. **Report of Posting**

23. Within five (5) days of when Defendant emails and posts the Notice to Employees, Defendant shall report to the EEOC, in accordance with Section VIII below, that the Notice was posted. The report shall include a photograph of the posted Notice as well as a copy of the email to employees that contains the Notice.

## IV.     DURATION OF DECREE

24.     This Consent Decree shall remain in effect for a period of two (2) years from the date of entry.

25.     The "date of entry" or the "effective date" of this Consent Decree means the date the Court enters this Decree.

## V.     JURISDICTION

26.     During the duration of this Decree, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC and Defendant may seek Court-ordered enforcement of this Decree in the event of a breach of any provision herein.

## VI.     RECORDS

27.     During the duration of this Decree, Defendant shall preserve and maintain all documents, information and records, electronic or otherwise, that pertain to this Decree and its underlying lawsuit regardless of whether they are discoverable or admissible in this suit.

28.     Defendant shall comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII, the ADA and the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this Decree do not constitute a waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

## VII.     MISCELLANEOUS PROVISIONS

29.     This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest. Defendant shall notify all such successors-in-interest of the existence and terms of this Decree.

30. Each party to this action shall bear its own attorney's fees and costs incurred in connection with this action.

31. Nothing in this Consent Decree shall be construed to preclude the Commission from processing, investigating or litigating any claim or issue arising from any other charge of discrimination against Defendant not resolved by this Decree.

32. If any provision of the Consent Decree is found to be unlawful or unenforceable, the parties agree to meet and confer in good faith to decide how the provision must be amended to effectuate the purpose of the Decree. In any event, the remainder of the Decree shall remain in full effect and enforceable.

33. The parties shall take all necessary steps to effectuate the terms and conditions of the Consent Decree. The Court may amend this Decree if both parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend this Decree.

## VIII.  NOTICES

34. Defendant must transmit all reports, notification, and other communications required under this Consent Decree to the EEOC by email to the following addresses: lloyd.vanoostenrijk@eeoc.gov; pamela.hockaday@eeoc.gov.

35. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree. The EEOC will notify Defendant's legal counsel in this lawsuit in writing of any such designations.

**IT IS SO ORDERED,** Houston, Texas, this 29th day of September, 2021

_____
THE HONORABLE CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## RELEASE OF CLAIMS

In consideration for the sum of $85,000 paid to me by Spike Electric and Controls, LLC, in the manner provided by the Consent Decree in connection with the resolution of *Equal Employment Opportunity Commission (EEOC) v. Spike Electric and Controls, LLC*, Civil Action No. 4:20-CV-03370, in the United States District Court for the Southern District of Texas, Houston Division, I waive my right to recover for any claims of disability discrimination, retaliation and interference arising under the Americans with Disabilities Act of 1990, 42 U.S. § 12101, *et seq.*, as amended that I had against Spike Electric and Controls, LLC prior to the date of this release and that were included in the claims alleged in EEOC's Complaint in *EEOC v. Spike Electric and Controls, LLC*, Civil Action No. 4:20-CV-03370, in the United States District Court for the Southern District of Texas, Houston Division.


Date: _____                    Signature: _____
                                                Michael Bowles

# EXHIBIT B

## NOTICE TO EMPLOYEES

1.      Discrimination against an employee on the basis of disability violates federal law, specifically the Americans with Disabilities Act, as amended (ADA).  The ADA prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer provide a qualified individual with a disability a reasonable accommodation to perform their job.  The ADA also prohibits retaliation and interference against any employee who exercises any right protected by the ADA.

2.      Spike Electric and Controls, LLC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation or interference against any employee for exercising their rights under the ADA prohibiting such disability discrimination.  Such discrimination can violate both federal law and Spike Electric and Controls, LLC's policies.  Any employee who violates the law or our policies will be subject to discipline, up to and including termination.

3.      Any employee who believes they have been the victim of disability discrimination or retaliation may report this using any of the procedures set forth in Spike Electric and Controls, LLC's policies, or may contact the EEOC at www.eeoc.gov.


SIGNED this _____ day of _____, 2021.


_____
[print name, title]
Spike Electric and Controls, LLC


**This Notice must remain posted continuously for two years from the date of signature.  It must not be altered, defaced, removed, or covered.**